ORDER (Granting Motion to Dismiss)
AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Court must determine whether to grant the relief requested by the plaintiffs. On January 14, 2009, the plaintiffs, Muriel Whiteagle-I.ee and Melody Whi-teagle-Fintak, filed a Complaint, stating that the Election Board was acting unlawfully because they were not officially ap *36 pointed,[1] and subsequently requesting the Court to enjoin the March 19, 2009 General Primary Election due to the fact that the Milwaukee area does not have representation under the 2008 Redistricting Scenario.[2] The Court hereby grants the Motion to Dismiss for the reasons articulated within the decision portion of this judgment.
PROCEDURAL HISTORY
The plaintiffs, Muriel Whiteagle-Lee and Melody Whiteagle-Fintak, initiated the current action by filing the January 14, 2009 Complaint, Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint on January 14, 2009, and served the documents upon the defendant’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ),[3] by personal service as permitted by HCN R. Civ. P. 5(C)(1). The Summons informed the respondent of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The defendant, by and through DOJ Attorney Michelle M. Greendeer, filed a timely Answer on January 30, 2009, asking the Court to deny the Complaint based on the facts presented. See Defendant’s Answer at 7. The defendant, through DOJ Attorney Michelle Greendeer, submitted defendant’s Exhibits A-D concerning the election board proceedings, proper notice of special election and legislative resolution seating the election board. See generally Defendant’s Answer. Furthermore, the defendant’s filed a Motion for Dismissal on February 3, 2009, and a supplement to the motion for dismissal on February 9, 2009. The plaintiffs filed a response to the motion to dismiss on February 10, 2009. Both parties requested a hearing before the Court.
In response, the Court mailed Notice(s) of Hearing to the identified parties on February 12, 2009, informing them of the date, time and location of the Hearing. The Court convened the Hearing on February 18, 2009 at 10:00 a.m. CST. The following parties appeared at the Hearing: Muriel Whiteagle-Lee, plaintiff; Melody Whiteagle-Fintak, plaintiff; Judith A. Whitehorse, defendant’s designated representative (by telephone); and DOJ Attorney Michell M. Greendeer, defendant’s counsel.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION (Reprinted Jan. 25, 2008)
Art. V—Legislature
Sec. 1. Composition of the Legislature.
(b) The Legislature shall be composed of Representatives from the following Dis *37 tricts, subject to Section 4 of this Article: the Black River Falls District, consisting of Clark, Eau Claire and Jackson counties, which shall elect three (3) members; the Wisconsin Dells District, consisting of Wood, Juneau, Adams, Columbia, and Sauk counties, which shall select three (3) members; and the La Crosse-Tomah District, consisting of La Crosse, Monroe, Vernon, and Crawford counties, which shall elect one (1) member; and the Wit-tenberg District, consisting of Marathon and Shawano counties, which shall elect one (1) member; and three (3) members which shall be elected at-large from outside the Districts listed above.
Sec. 4. Redistricting or Reapportionment. The Legislature shall have the power to redistrict or reapportion including changing, establishing, or discontinuing Districts. The Legislature shall maintain an accurate census for the purposes of redistricting or reapportionment. The Legislature shall redistrict and reapportion at least once every five (5) years beginning in 1995, in pursuit of one-person/one-vote representation. The Legislature shall exercise this power only by submitting a final proposal to the vote of the people by Special Election which shall be binding and which shall not be reversible by the General Council. Any redistricting or reapportionment shall be completed at least six (6) months prior to the next election, and notice shall be provided to the voters.
Sec. 6. Temía of Office. Members of the Legislature shall serve four (4) year terms which shall be staggered. Legislators shall represent their respective Districts until their successors have been sworn into office except if the Legislator has been successfully removed or recalled in accordance with this Constitution. Members of the Legislature shall be elected by a majority vote of the eligible voters from their respective Districts.
Art. VII—Judiciary
Sec. 7. Powers of the Supreme Court
(b) The Supreme Court shall have the power to establish written rules for the Judiciary, including qualifications to practice before the Ho-Chunk courts, provided such rules are consistent with the laws of the Ho-Chunk Nation.
Sec. 10. Election of Supreme Court Justices. Supreme Court Justices shall be elected by a majority of the eligible voters of the Ho-Chunk Nation, in accordance with the General Election provisions of Article VIII, Section 1, unless otherwise provided.
Art. VIII Elections
Sec. 2. Special Elections. Special Elections shall be held when called for by the General Council, the Legislature, or by this Constitution or appropriate ordinances. In all Special Elections, notice shall be provided to the voters.
Sec. 4. Election Board. The Legislature shall enact a law creating an Election Board. The Election Board shall conduct all General and Special Elections. At least sixty (60) days before the election, the Election Board may adopt rules and regulations governing elections. Election Board members shall serve for two (2) years. Election Board members may serve more than one term. The Legislature may remove Election Board members for good cause.
Art. XIII Amendments
Sec. 1. Requirements. This Constitution may be amended by a majority vote of the qualified voters of the Ho-Chunk Nation voting at an election called for that purpose by the Secretary of the Interior, provided, that at least thirty (30) percent of those entitled to vote shall vote in such election; but no amendment shall become *38 effective until approved by the Secretary of the Interior or until deemed approved by the Secretary by operation of law. If the voters adopt the amendment(s), the Secretary of the Interior shall approve such amendment(s) within forty-five (45) days after the election unless the amendment(s) are contrary to applicable law.
Sec. 2. Requests for a Secretarial Election. It shall be the duty of the Secretary of the Interior to call and hold an election on any proposed amendment to this Constitution at the request of two-thirds (2/3) of the entire Legislature, at the request of the General Council, or upon presentation of a petition signed by thirty (30) percent of the eligible voters of the Ho-Chunk Nation.
Legislative History of Redistricting and Reapportionment, Section 1(B), Article V—Legislature, Constitution of the Ho-Chunk Nation.
Article V—Legislature
Sec. 1. Composition of the Legislature.
January 12, 2002 (New Districts)
Sec. 1(b). The Legislature shall be composed of the eleven (11) representatives elected from the following five (5) Districts established pursuant to the January 12, 2002 Special Election for Redistricting and Reapportionment and subject to Section 4 of this Article.
(1) District 1, consisting of the Wisconsin counties of Barron, Buffalo, Chippewa, Clark, Dunn, Eau Claire, Jackson, Pepin, Pierce, Polk, Rusk, St. Croix, and Trem-pealeau, which shall elect three (3) members;
(2) District 2, consisting of the Wisconsin counties of Crawford, Grant, Iowa, La Crosse, Lafayette, Monroe, Richland, and Vernon, which shall elect one (1) member;
(3) District 3, consisting of the Wisconsin counties of Ashland, Bayfield, Brown, Burnett, Calumet, Door, Douglas, Florence, Fond du Lac, Forest, Iron, Kewau-nee, Langlade, Lincoln, Manitowoc, Marathon, Marinette, Menominee, Oconto, Oneida, Outagamie, Portage, Price, Sawyer, Shawano, Sheboygan, Taylor, Vilas, Washburn, Waupaca, Waushara, and Winnebago, which shall elect one (1) member;
(4) District 4, consisting of the Wisconsin counties of Adams, Columbia, Dane, Dodge, Green, Green Lake, Jefferson, Juneau, Kenosha, Marquette, Milwaukee, Ozaukee, Racine, Rock, Sauk, Walworth, Washington, Waukesha, and Wood, which shall elect three (3) members; and
(5) District 5, consisting of all the area outside the State of Wisconsin, which shall elect three (3) members.
November 1,1994 (Old Districts)
Sec. 1(b). The Legislature shall be composed of Representatives from the following Districts, subject to Section 4 of this Article: the Black River Falls District, consisting of Clark, Eau Claire and Jackson counties, which shall elect three (3) members; the Wisconsin Dells District, consisting of Wood, Juneau, Adams, Columbia, and Sauk counties, which shall select three (3) members; and the La Crosse-Tomah District, consisting of La Crosse, Monroe, Vernon, and Crawford counties, which shall elect one (1) member; and the Wittenberg District, consisting of Marathon and Shawano counties, which shall elect one (1) member; and three (3) members which shall be elected at-large from outside the Districts listed above.
HO-CHUNK NATION JUDICIARY ESTABLISHMENT AND ORGANIZATION ACT, 1 HCC § 1
Subsec. 5. Rules and, Procedures.
c. The Judiciary shall have exclusive authority and responsibility to employ personnel and to establish written rules and *39 procedures governing the use and operation of the Courts.
d. All matters shall be tried in accordance with the Ho-Chunk Rules of Procedures and the Ho-Chunk Rules of Evidence which shall be written and published by the Supreme Court and made available to the public.
ELECTION ORDINANCE, 2 HCC § 6
Subsec. 1. Authority.
c. Article V, Section 6 of the Constitution requires that members of the Legislature shall be elected by a majority vote of the eligible voters from their respective Districts.
d. Article VI, Section 5 of the Constitution requires that the President shall be elected by a majority vote of eligible voters of the Ho-Chunk Nation.
e. Article VII, Section 10 of the Constitution requires that Supreme Court Justices shall be elected by a majority vote of the eligible voters of the Ho-Chunk Nation, in accordance with General Election provisions in Article VIII, Section 1, unless otherwise provided.
Subsec. 3. Elections. The Constitution prescribes two (2) types of elections: General Elections and Special Elections. When three (3) or more candidates run for a seat in a General or Special Election, there shall be a Primary Election and, if required, a Runoff Election as described in paragraph c, below.
c. Primary Elections and Runoff Elections.
(1) Primary Elections shall be held prior to an Election with three (3) or more candidates in order to ensure compliance with the majority vote requirement as provided for in paragraphs lc through le, above.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 1. Scope of R ules.
Constitution of the Ho-Chunk Nation, Art. VII, sec. 7(B) requires that the Supreme Court establish written rules for the Judiciary. These rules, adopted by the Supreme Court, shall govern the procedure of the Trial Court in all actions and proceedings. The judges of the Trial Court may look to Ho-Chunk customs and traditions for guidance in applying justice and promoting fairness to parties and witnesses.
Rule 3. Complaints.
General. A civil action begins by one of the following procedures:
(A) filing a written Complaint with the Clerk of Court and paying the appropriate fees. The Complaint shall contain short, plain statements of the grounds upon which the Court’s jurisdiction depends, the facts and circumstances giving rise to the action, and a demand for any and all relief that the party is seeking. Relief should include, but is not limited to, the dollar amount that the party is requesting. The Complaint must contain the full names, and addresses of all parties and counsel, as well as a telephone number at which the complainant may be contacted. The Complaint shall be signed by the filing party or his/her counsel, if any.
Rule 19. Filing and Responding to Motions.
(A) Filing, Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. Motions for Extension of Time and More Deft u ite Statement may be filed before the initial pleading.
*40 (B) Responses. A Response to a written Motion must be filed at least one (1) day before the hearing. If no hearing is scheduled, the Response must be filed with the Court and served on the other parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Rule 21. Amendments to Pleadings.
Parties may amend a Complaint or Answer one time without leave of the Court prior to the filing of a responsive pleading, or if no responsive pleading is permitted, at any time within twenty (20) days of the original filing date. Subsequent amendments to Complaints or Answers may only be made upon leave of the Court and a showing of good cause, or with the consent of the opposing party. All amendments to the Complaint or Answer must be filed at least thirty (30) calendar days prior to trial or as otherwise directed by the Court. When an Amended Complaint or Answer is filed, the opposing party shall have ten (10) calendar days, or the time remaining in their original response period, whichever is greater, in which to file an amended responsive pleading.
Rule 54. Default Judgment.
(A) General. A Default Judgment may be entered against a party who fails to answer if the party was personally served in accordance with Rule 5(C)(l)(a)(i) ... or informed through other means of judicially authorized service such as publication or if a party fails to appear at a hearing, conference or trial for which he/she was given proper notice. A Default Judgment shall not award relief different in kind from, or exceed the amount stated in the request for relief. A Default Judgment may be set aside by the Court only upon a timely showing of good cause.
Rule 74. Application and Purpose; Sanctions; Definitions.
(A) Application. These Special Rides for Election Challenges shall apply to a proceeding where a party (or parties) seek(s) to challenge an election. Unless otherwise provided for in the Special Rules for Election Challenges, the Rules of Civil Procedure and the Rules of Appellate Procedure shall apply.
Rule 76. Answering an Election Challenge.
(A) The defendant shall file an Answer to the Complaint wnthin five (5) calendar days of the filing of the Complaint in the Court.
Rule 80. Appeals.
(A) Appeals. The final judgment of the Trial Court is appealable to the Supreme Court. The Appellant and/or Appellee may obtain a copy of the trial transcript at their own expense.
1. The Notice of Appeal shall be filed and served within three (3) calendar days of entry of judgment.
2. The Notice of Appeal must state a basis for appeal based upon the laws and/or Constitution of the Ho-Chunk Nation.
3. A Certificate of Service and fifty ($50.00 U.S.) filing fee must accompany the Notice of Appeal.
FINDINGS OF FACT
1. The parties received proper notice of the February 12, 2009 Motion Hearing.
2. Com.pl, CV 09-03 (Jan. 14, 2009) at 1.
3. The plaintiff, Melody Whiteagle-Fintak, is an enrolled member of the Ho-Chunk Nation, Tribal ID #439A002552, and resides at 2144 N. 59th St, Milwaukee, WI 53208-1038. Id.
*41 4. The defendants, Ho-Chunk Nation Election Board members (hereinafter Election Board members) are duly appointed representatives of the Election Board, a constitutionally established entity, maintaining an address of 206 Roosevelt Road, Black River Falls, WI 54615. Constitution of the Ho-Chunk Na tion (hereinafter Constitution), Art. VIII, § 4.
5. Daniel Brown represents District IV, and he serves as the Ho-Chunk Nation Vice President. Defendant’s Exhibit C at 1.
6. Election Board held a meeting on January 10, 2009 in Black River Falls, Wisconsin, and at that time, the Election Board indicated that District IV did not have an open seat for the upcoming General Primary Election. Defendant’s Exhibit Cate.
7. On November 18, 2008, through Special Election, voting Ho-Chunk tribal members chose Scenario 5 as constitutionally accepted for redistricting and reapportionment. Complaint, Attach. A at 11.
8. Currently, District IV Legislator Daniel Brown represents the Milwaukee area; however he resides in Dane County. The plaintiffs indicated that they have the representation Daniel Brown; however they are unhappy with the lack of benefits ascribed with living' in the District IV area, which have been an ongoing struggle for members in the Milwaukee area. Motion to Dismiss Hearing (LPER at 18, Feb. 18, 2009, 10:54:46 CDT).
9. Under redistricting and reapportionment, Scenario 5 reassigns Dane County from District IV to District II. Convpl. at 2; Id., Attach. Ex. A.
10. Legislator Brown did not formally take a stance on whether he wished to represent District IV or District II. He stated,
... Redistricting results are dictated by the voters; not the Legislature. As such, having no power over the outcome of such process, I was willing to represent whatever scenario was voted in .... [a]t risk of creating further controversy for the Election Board, I am declining to make an such decision for myself. I do not believe this course of action to be appropriate for an elected official. It sets what I believe to be an unsavory precedent of elected officials unilaterally making official decisions for the Ho-Chunk Nation. I find this to be potentially dangerous precedence to which I refuse to be a party. In addition, it goes against the Resolution passed by the Legislature that requested that the Election Board make the decision.
Complaint, Attach. A at 8,12.
DECISION
The plaintiffs contend that the redistricting and reapportionment allowed under the November 18, 2008 Special Election, Scenario 5 harmed District IV members because it left such members without lawful representation. Convpl. at 2; LPER at 14, 10:45:03 CST. The defendants seek to have this matter dismissed. See Mot. for Dismissal, In the instant ease, the plaintiffs argue that they are effectively denied representation on the Ho-Chunk Nation Legislature because the current District IV Legislator, Vice President Daniel Brown resides in District II. However, they did note that they are receiving representation, but simply prefer representation of someone who resides within their district. LPER at 18,10:54:46 CDT. Nonetheless, the Court finds a nearly identical issue was previously brought to the Court during the 2002 Redistricting and Reapportionment Plan, and therefore *42 the Court is bound by stare decisis to defer to its appellate court’s prior ruling.
In Robert A. Mudd v. Ho-Chunk Nation Legislature et al., the plaintiff filed a Complaint challenging the 2002 Redistricting and Reapportionineut plan. Robert A. Mudd v. Ho-Chunk Nation Legislature et al., CV 03-01 (HCN Tr. Ct., Feb. 13, 2003); Robert A. Mudd v. Ho-Chunk Nation Legislature et al, SU 03-02 (HCN S.Ct., Apr. 8, 2003) at 1. In that case, redistricting changed the boundaries of the Districts, and some legislators no longer resided within the boundaries of their districts. Id. at 2. Specifically, the Supreme Court stated,
[t]he Trial Court ... construed the [Constitution of the Ho-Chunk Nation] Art. V, Sec. 6 to require that legislators, once they are elected, reside in the district they represent. When the voters of the Ho-Chunk Nation approved the redistricting plan on January 12, 2002, the old districts ceased to exist pursuant to HCN Const. Akt. V, § 4 .... earlier the HCN Legislature attempted to deal with the problems of District meetings and legislators resided outside of their new districts. There appears to be nothing unconstitutional about the adoption on November 8, 2002 plan.... There appears to be nothing in the Ho-Chunk Nation Constitution, Ordinances, Resolutions or other law that prohibits a legislator from moving out of his or her district, if the legislator met the one year residency requirement at the time of the filing of the Declaration of Candidacy. Once a person has been elected to the HCN legislature that person has no limits on residency other than prudential ones of preserving his or her ties to their constituents. It is not however constitutionally mandated. The HCN Constitution mandates only that the legislator will have meetings in his or her district.
Id. at 7-8.
Similar to Mudd, the plaintiffs contend that redistricting and reapportionment leave a district without lawful representation. Further, the plaintiffs argue that redistricting removed Legislator Brown from lawful representing District IV because Legislator Brown is a resident of Dane County. LPER at 14, 10:45:03 CST. Under redistricting and reapportionment, Scenario 5 reassigns Dane County from District IV to District II. Conipl. at 2; Id., Attach. Ex. A. As the appellate court previously asserted and the Election Board suggested, the Election Ordinance does not require legislators to maintain the residence of their district. Robert A. Mudd v. Ho-Chunk Nation Legislature et al, SU 03-02 at 7-8; Def.’s Answer. The Supreme Court explicitly stated that residency was not as important as conserving ties to the district. Mudd. at 8.
Finally, the Court wishes to note that the plaintiffs are not asserting a complete lack of representation. LPER at 18, 10:54:46 CDT. However, they noted a general dissatisfaction amongst the Milwaukee area, which often lacks the general benefits compared to other districts. Id. Moreover, Legislator Brown has indicated that as a devoted, public servant, that his desire is to represent the people, and he will continue to serve the district, which he is required to serve. Complaint, Attach. A at 8,12.
The Court consequently must deny the plaintiffs’ request for relief. The Court grants the defendant’s Motion to Dismiss. The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be *43 appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.
IT IS SO ORDERED this 17th day of March 2009, by the Ho-Chunk Nation Trial Court located in Black River Falls, WI within the sovereign lands of the Ho-Chunk Nation.

. Although, this statement was alleged in the Complaint, the defendants provided documentation in the form of legislative and area minutes indicating that the plaintiffs were properly appointed. See Defendants’ Answer at 5, Exhibit D. Furthermore, this issue was not raised at the hearing.

. The Court noted that the plaintiffs request a preliminary injunction enjoining an election from occurring. However, the standard the Court applies for issuing a preliminary injunction is as follows: 1) No adequate remedy at law: 2) Does the threatened injury to the one seeking the injunction outweigh the threatened harm of the injunction?; 3) Does the plaintiff have a reasonable likelihood of success on the merits?; and 4) Does the granting of the injunction serve the public interest? See Tracy Thundercloud v. Ho-Chunk Nation Election Board, Case No.: CV 95-16 (HCN Tr. Ct„ Aug. 28, 1995) at 3. The plaintiffs never addressed the four (4) prong test either in the Complaint, any subsequent motion, or orally at the hearing.

.The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon the DO.) when the plaintiff/petitioner names as a party a unit of government or enterprise. HCN R. Civ. P. 27(B).